ASH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Jose Lucio Garcia Sorto,

Petitioner,

v.

Unknown Party, et al.,

Respondents.

No. CV-26-02138-PHX-DJH (DMF)

**ORDER**

Petitioner Mario Suarez Maya has filed, through counsel, this action under 28 U.S.C. § 2241 challenging his immigration detention.  The Court will dismiss the Petition and this action.

**I.      Petition**

It is not clear when Petitioner entered the United States, or when he was taken into immigration custody.  Petitioner alleges that his "immigration case was heard on December 15, 2025, where [his] asylum application was 'pretermitted' and [his] 'individual hearing' was heard on December 30, 2025."  Petitioner appealed "these two immigration court decisions to the Board of Immigration Appeals," and asks this Court to stay his removal.

**II.     Failure to State a Claim**

Habeas corpus review in district court is not available for claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," 8 U.S.C. § 1252(g), "arising from any action taken or proceeding

brought to remove an alien," 8 U.S.C. § 1252(b)(9),[1] or "challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding [an alien's] detention or release," *Demore v. Kim*, 538 U.S. 510, 516 (2003) (discussing 8 U.S.C. § 1226(e)); *see also* 8 U.S.C. § 1252(a)(2)(B)(ii) (precluding review of other specified discretionary decisions and actions). However, "the extent of the Government's detention authority is not a matter of 'discretionary judgment,' 'action,' or 'decision.'" *Jennings*, 138 S. Ct. at 841. Thus, "challenges to the statutory framework" authorizing detention, *Jennings*, 138 S. Ct. at 841, "questions of law" raised in the application or interpretation of detention statutes, *Leonardo v. Crawford,* 646 F.3d 1157, 1160 (9th Cir. 2011), and "constitutional claims," such as "claims that the discretionary process itself was constitutionally flawed[,] are 'cognizable in federal court on habeas because they fit comfortably within the scope of § 2241,'" *Gutierrez-Chavez v. I.N.S.*, 298 F.3d 824, 829 (9th Cir. 2002).

Here, although Petitioner characterizes his four claims as due process violations, they are directed at the discretionary decisions of the immigration judge. Petitioner does not allege that he was denied any particular process under the INA; rather, he disagrees with the outcomes of that process. Petitioner is currently appealing those proceedings to the BIA, and, if necessary, he may appeal them to the Ninth Circuit Court of Appeals. This Court, however, has no jurisdiction to consider his claims. *See* 8 U.S.C. § 1252. Accordingly, the Petition will therefore be dismissed without prejudice.

**IT IS ORDERED:**

(1)    Petitioner's Petition Under 28 U.S.C. § 2241 (Doc. 1) and this action are **dismissed without prejudice**.

. . . .

. . . .

. . . .

---

[1] *See* 8 U.S.C. § 1252(a)(5) (the court of appeals "shall be the sole and exclusive means for judicial review of an order of removal").

(2)    The Clerk of Court shall enter judgment accordingly and terminate this case.

Dated this 1st day of April, 2026.

Honorable Diane J. Humetewa
United States District Judge